UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOLLY G.,[1] | ) |
|                Plaintiff, | ) No. 20 CV 2662 ) ) |
| v. | ) Magistrate Judge Young B. Kim ) |
| KILOLO KIJAKAZI, Commissioner of Social Security, | ) ) ) March 22, 2023 |
|                Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Molly G. seeks disability insurance benefits ("DIB") asserting that she is disabled by various medical conditions. Before the court are the parties' cross motions for summary judgment. For the following reasons, Molly's motion is granted and the government's is denied:

**Procedural History**

Molly filed a DIB application in September 2017, alleging disability onset in August 2016. (Administrative Record ("A.R.") 15, 321-22.) At the administrative level, her application was denied initially and upon reconsideration. (Id. at 15, 119-30, 132-47.) She then sought and was granted a hearing before an Administrative Law Judge ("ALJ"). (Id. at 15, 203, 220-48.) Molly appeared with her attorney at the January 2019 hearing, during which Molly and a vocational expert ("VE") testified. (Id. at 15, 39-90.) The ALJ ruled in April 2019 that Molly was not disabled. (Id. at

---

[1] Pursuant to Internal Operating Procedure 22, the court uses Plaintiff's first name and last initial in this opinion to protect her privacy to the extent possible.

15-29.) The Appeals Council denied Molly's request for review, (id. at 1-6), making the ALJ's decision the final decision of the Commissioner, *see Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Thereafter, Molly filed this lawsuit seeking judicial review, and the parties consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); (R. 7).

## Analysis

Molly argues that the ALJ: (1) erroneously found that Listing 11.02 was not satisfied; and (2) did not consider the effects of all her impairments, either alone or in combination. (R. 17, Pl.'s Mem. at 8-15.) When reviewing the ALJ's decision, the court asks only whether the ALJ applied the correct legal standards and substantial evidence supports the decision, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citations omitted). But the ALJ's "analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, a remand is required because the court agrees that the ALJ failed to adequately consider the effects of Molly's impairments. (See R. 17, Pl.'s Mem. at 13-15.) At step two of the five-step analysis, the ALJ stated that Molly had severe impairments of obesity, seizures, and personality disorder. (A.R. 17-18.) But the ALJ did not mention Molly's additional impairments, including her migraines, fibromyalgia, anxiety, and depression. (Id. at 621-24, 632-34, 644, 647-48, 656-58,

752-53, 824-25, 833-34, 844-45, 941-43, 970-80.) Nor did the ALJ determine whether these additional impairments were severe or non-severe.

Nevertheless, a remand on this basis may not be required if the ALJ accounted for the combined effect of Molly's medically determinable impairments when assessing the residual functional capacity ("RFC"). *See Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011); *Colson v. Colvin*, 120 F. Supp. 3d 778, 789 (N.D. Ill. Aug. 14, 2015). But the ALJ failed to do so in this case. The ALJ acknowledged the additional impairments alleged in Molly's disability report—including depression, anxiety, IBS, fibromyalgia, high cholesterol, and thyroid, (A.R. 379)—and said that he "accommodated for these conditions," (id. at 21). The ALJ also said he took "into account [Molly's] physical and mental impairments, as well as allegations of pain." (Id.) And he found that Molly's migraines, fibromyalgia, anxiety, and depression would not reduce her capacity to work or the number of available jobs identified by the VE. (Id.) Yet the ALJ failed to explain how he considered Molly's additional impairments in crafting the RFC or why those conditions would not impact her ability to work.

The ALJ was required to consider and explain whether and how each of Molly's impairments—even those less serious—or the combination of them might be disabling. *See Martinez*, 630 F.3d at 698; *Colson*, 120 F. Supp. 3d at 789. Here, the ALJ did not trace a path between the evidence and his conclusion, precluding this court from a meaningful review of his decision. *Butler*, 4 F.4th at 501; *Lothridge*, 984 F.3d at 1233. In short, the ALJ erred at step two by not setting forth all of Molly's

3

medically determinable impairments and classifying each as severe or non-severe, and then compounded that error when assessing the RFC by failing to consider the interaction of her additional impairments with the severe obesity, seizures, and personality disorder that he did recognize. The court cannot say that these errors were harmless.[2]

## Conclusion

For the foregoing reasons, Molly's motion for summary judgment is granted, the government's is denied, and this matter is remanded.

                                           **ENTER:**

                                           **Young B. Kim**
                                           **United States Magistrate Judge**

---

[2] In light of this ruling, the court declines to address Molly's Listing 11.02 argument.